# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 9, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 10-2712 | Appeal from the United States District Court for the |
| MARC E. THOMPSON, | Northern District of Illinois, |
| *Petitioner-Appellant,* | Eastern Division. |
| *v.* | No. 09 C 7685 |
| UNITED STATES OF AMERICA, | Suzanne B. Conlon, |
| *Respondent-Appellee.* | *Judge.* |

## O R D E R

On consideration of the petition for rehearing and rehearing en banc filed by Petitioner-Appellant on October 3, 2011, no judge in regular active service requested a vote on the petition for rehearing en banc.

The order of this court issued on August 19, 2011, is amended as follows:

Page 8 is amended by replacing the last full paragraph (beginning "Additionally, we note that . . .") with the following:

Additionally, we note that while an expert may have testified that the cause of the fire was "undetermined," meaning that causes other than arson could not be ruled out, we do not find a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As we noted on direct appeal, there was "plenty of other evidence from which a rational jury could find that Thompson caused the fire," *Thompson*, 523 F.3d at 810, even a fire with an "undetermined" origin. To be sure, the relevant inquiry in this habeas matter does not concern the sufficiency of the evidence, rather, it is whether counsel's performance was constitutionally deficient, and if so, whether Thompson was prejudiced. *See, e.g., Richey*, 498 F.3d at 364 ("Although circumstantial evidence alone might have led to a conviction, the question before us is not one of the sufficiency of the evidence, but of undermining our confidence in the reliability of the result."). We, however, find that under these facts, the evidence in this case prevents a finding of prejudice. *See United States v. Reyes*, 270 F.3d 1158, 1169 (7th Cir. 2001) ("Circumstantial evidence is of equal probative value to direct evidence and in some cases is even more reliable.") (internal citations omitted).

In all other respects, all members of the original panel have voted to deny the petition for rehearing.

Accordingly, the petition is DENIED.